# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FAIRCLOTH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:16-CV-33 JMB |
| UNKNOWN BUCCANAN, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $30, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff alleges that, due to overcrowding at the Northeast Correctional Center (NECC), he was required to "share an unsecured communal bathroom with eleven (11) other inmates . . ." At the entrance to the bathroom was a clear shower curtain that allowed the other inmates to look into the bathroom. He asserts that the correctional officers in "the bubble" could not see into the bathroom.

Plaintiff says that defendant Buccanan issued him a conduct violation for sexual misconduct, that is, for masturbating in the bathroom. He claims she could not have seen into the bathroom, and therefore, could not have known what he was doing there. And he says he was only washing his clothes in the sink.

Plaintiff alleges that an unknown sergeant read the conduct violation to him. He says the sergeant violated his rights because he did not give plaintiff a *Miranda* warning.

Plaintiff claims defendants Woods and Cutt found him guilty of the misconduct during a classification hearing. He says they did not follow prison policy, and he complains that they did not allow him to produce any evidence at the hearing. They assigned him to administrative segregation for thirty days.

Plaintiff claims that defendants Hurley, Woods, Cutt, and Godert did not properly train the unknown sergeant that read the conduct violation to him.

Plaintiff says defendants did not process his conduct violation within seven days, which is required by the prison policy. He believes this is felony misconduct on their part.

Finally, plaintiff says that defendants conspired to violate his right to due process by not allowing him to present evidence during the classification hearing.

**Discussion**

The complaint fails to state a claim upon which relief can be granted. For the Fourteenth Amendment's due process clause to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. *Id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement). As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, *Miranda* applies to individuals taken into police custody "to be subjected to interrogation." *Miranda v. Arizona*, 384 U.S. 436, 467 (1966). It does not apply to prisoners who are subject to the prison disciplinary process.

Plaintiff's allegations that defendants Hurley, Woods, Cutt, and Godert did not properly train the unknown sergeant are wholly conclusory and are unsupported by facts, which if proved, would entitle him to relief.

Finally, plaintiff's conspiracy claim is not plausible. First, he has failed to show that his constitutional rights were violated. Second, to properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. *See Mershon v. Beasely*, 994 F.2d 449,

451 (8th Cir. 1993). Plaintiff's allegations pertaining to a conspiracy lack any non-conclusory facts showing a meeting of the minds to commit misconduct.

For these reasons, this action is dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $30 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

An Order of Dismissal will be filed separately.

Dated this 2nd day of September, 2016.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).